UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>MAN YOUNG KIM and KYONG JA KIM aka ANGIE KIM,<br><br>Defendants | Case No.: 17-CR-00355 YGR<br><br>**TRIAL SETTING ORDER** |

Having considered the filings to date and for good cause shown, the Court orders as follows:

1. **Trial Date and Schedule:** The trial of this matter is scheduled to begin on **JANUARY 25, 2019** at 8:30 a.m. in Courtroom 1 of the above-referenced Court with jury selection. Opening statements and evidence will proceed on Monday, January 28, 2019. Trial schedule will be generally as follows: Monday through Thursday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Side bars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

2. **Pre-Trial Conference:** A status conference shall be held on **Thursday, November 8, 2018** at **3:00 p.m.**[1] A pre-trial conference shall be held on **Friday, January 11, 2019** at **8:30 a.m.**

---

[1] The Court notes this change in date for the parties.

3. The parties shall comply with Local Rule 17.1-1(b) and the Court's Standing Order in Criminal Cases. To the extent not specifically referenced in this Order, the parties shall file a pretrial conference statement addressing all fifteen (15) issues identified in the local rule and all related filings by **January 4, 2019**. The government shall also file on that date a proposed jury verdict form, a trial memorandum briefly stating the legal bases for the charges, anticipated evidence and addressing any evidentiary, procedural or other anticipated legal issues.

4. **Trial Witnesses and Exhibits:**

    a. The defense shall file its witness and exhibit list by **January 4, 2019**.

    b. The Government shall file its witness list with a brief summary of the testimony and its exhibit list by **December 6, 2018**.

    c. By **December 6, 2018**, the government shall also provide any summaries it intends to proffer pursuant to Federal Rule of Evidence 1006 and identify the underlying documents upon which such summaries are based so that sufficient time is available to check the accuracy of such summaries. To the extent that the government believes that the summaries may need to be revised, the Court will determine whether a valid basis under law exists at the time of the proffer.

    d. The parties are advised that no witness may be shown any document or other object until it has been marked for identification using an exhibit number. The jury may not be shown any exhibits until admitted into evidence. Accordingly, the parties shall meet and confer and work in good faith to stipulate to the admissibility of exhibits without the express permission of the Court. To the extent agreed upon, the parties shall file Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. When printing and providing these documents to the Court, please use the

"portrait" orientation only. (Do not use "landscape" orientation.) A sample format is provided below:

| Ex. No. | Description | Sponsoring Witness | Stipulation to Admit | Objection | Date Admitted |
|---------|-------------|--------------------|-----------------------|-----------|---------------|
|         |             |                    |                       |           |               |
|         |             |                    |                       |           |               |
|         |             |                    |                       |           |               |

Physical evidence must also be pre-marked. For purposes of the Court's binder of anticipated exhibits, a picture of the exhibit should be taken and placed in the binder.

Parties are advised to review their exhibits critically and determine whether sub-designations are appropriate for both the record and rulings on any potential objections. For instance, if an exhibit consists of a series of pictures, rather than designate the exhibit collectively as Exhibit 1, each picture should have a designation, *i.e.* Exhibit 1-A, 1-B, 1-C, 1-D, 1-E and 1-F.

Parties should indicate on the exhibit list (by way of asterisk or other marking) whether a potential exhibit is merely on the list out of an abundance of caution, as opposed to a primary exhibit. Such indications should facilitate the meet and confer process.

5. **Motions in Limine:**

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469

U.S. 38, 40, n. 2 (1984). All such motions shall be filed by **December 13, 2018.** Any opposition thereto shall be filed by **December 20, 2018**. The proponent of the motion shall also submit a COMPREHENSIVE proposed form of order summarizing each motion and the requested relief.

The Court hereby orders that witnesses shall be excluded until testimony is completed. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

6. **Jury Selection:** The Court conducts a comprehensive *voir dire*. Attached hereto is a basic form of juror questionnaire. As part of the trial filings, a party may identify additional topics upon which the Court should inquire either orally or as part of the written questionnaire. Any additional inquiries for the questionnaire shall not exceed one additional page per side. The Court intends to address the following topics orally: the government's burden of proof, including the standard of proof beyond a reasonable doubt and the lack of any obligation by a defendant to prove innocence, and a defendant's right to remain silent.

7. The Court will allow each side fifteen (15) minutes to conduct follow up *voir dire*. In addition, as part of the January 4th trial filings:

   a. The parties shall provide the Court with a Joint Statement of the Case to be read to the petit jury panel. The Court does not intend to read the Indictment to the petit jury panel.

   b. The parties shall provide the Court with an alphabetical list of *all* potential witnesses, parties, and lawyers. Said list shall contain a header which identifies the case name and case number and shall *not* identify which party intends to call any such witness. The list shall be attached to the basic jury questionnaire.

8. **Jurors and Peremptory Challenges:** The Court will seat a total of twelve (12) jurors and three (3) alternates. Pursuant to Federal Rule of Criminal Procedure 24, and good cause appearing in light of trial involving two defendants, the Court allocates the government seven (7) peremptory challenges and the defendants twelve (12) peremptory challenges to be shared. Accordingly, peremptory challenges shall be exercised in the following sequence:

- Prosecution First
- *Defense First and Second*
- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth and Tenth*
- Prosecution Sixth
- *Defense Eleventh*
- Prosecution Seventh
- *Defense Twelfth*

In addition, each side shall be allocated two additional peremptory challenge for the three alternate jurors empanelled. The additional peremptory challenges may be used against an alternate juror only. The initial set of peremptory challenges may not be used for alternate jurors.

*Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

9. **Witnesses Testifying at Trial:** The Court hereby orders that the party presenting evidence shall give the other party *written* notice of the witnesses to be called twenty-four hours in advance of the testimony. For Monday witnesses, notice shall be provided by the prior Friday at 10:00 a.m. if we are not in trial. If we are in trial on the preceding Friday, notice shall be provided by Saturday at 10:00 a.m. The parties are admonished that use of trial time is critical given the limited

resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

10. **Objections:**  There shall be no "speaking objections" and no response unless requested by the Court, in which case it shall be brief – *e.g.*, "hearsay" and if a response requested, "Not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

11. **Attachments:**

   a. Attachment A is a list of proposed Procedural Stipulations.  To the extent agreed upon, the parties shall sign and file said document by **January 4, 2019**.

   b. Attachment B is the form of Jury Questionnaire.

12. **Interpreters:**  If a witness requires an interpreter, counsel are advised to carefully review and be prepared to satisfy the Court that the interpreter is offered in compliance with 28 U.S.C. §§ 1827–1828, Fed. R. Evid. 604, Fed. R. Crim. Pro. 28, and all applicable Local Rules.

**Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

13. **Equipment:**  Computers, projectors, screens, and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so.   Marshals require court

order to allow equipment.  Any party needing such an order must file a request and proposed form of order.

14. **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.

15. **Failure to Comply:**  Failure to comply with the obligations set forth in this Order will result in sanctions appropriate to the gravity of the failure.

**IT IS SO ORDERED.**

Dated:  June 14, 2018

_____
**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>MAN YOUNG KIM and KYONG JA KIM aka ANGIE KIM,<br><br>      Defendants | Case No.: 17-CR-00355 YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(Attachment A to Pretrial Order)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

    U.S. Attorney _____           For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

    U.S. Attorney _____           For the Defendant _____

It is stipulated that both Counsel and Defendant need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

    U.S. Attorney _____           For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Courtroom Deputy's determination that all jurors are present.

  U.S. Attorney _____    For the Defendant _____

In the absence if the trial judge, any judge of this court may receive the verdict.

  U.S. Attorney _____    For the Defendant _____

(Name) _____  (Name) _____

_____  _____
  Signature (Attorney for the U.S.)     Signature (Defense Attorney)

# Attachment B

# JUROR QUESTIONNAIRE

**Please PRINT your answers**

To Be Completed by Jurors called to the Courtroom of the Hon. Yvonne Gonzalez Rogers for the Trial of:

**United States of America v. _____**           Case Number: XX-cr-XXX YGR

**Name:** _____  **Age:** _____  **Birthplace:** _____

**Residence:** _____ Years: _____ Prior Residence: _____ Years: _____

**Education:** Highest Grade Completed: _____  Degrees: _____

College/Vocational Schools attended: _____  Areas of Study: _____

**Current Occupation/Position:** _____  Length of Service: _____

Employer: _____  Describe Any Supervisory Roles: _____

Prior Occupation/Position: _____  Employer/Length of Service: _____

Employer: _____  Describe Any Supervisory Roles: _____

**Current Status** (Circle):  Single (living alone/with others)   Married   Separated   Divorced   Widowed

**Occupation & Employer of Adults Living in the Same Household:** _____

**Children:** Age(s): _____  Occupation(s) if employed: _____

**Is English your first language?** YES ☐  NO ☐   IF NO, do you use it regularly at work or home? YES ☐  NO ☐

**Do You OR any CLOSE Family/Friends have Military Service or Law Enforcement Training?** YES ☐  NO ☐

If yes, describe: _____

**Have You Every Served on Jury?** Circle: YES  NO    Number of times: ____  Date(s) of Service: _____

Circle:   State Court   Federal Court   Both        Circle:  Civil Case       Criminal Case          Both

Did each jury reach a verdict? YES ☐  NO ☐       Have you ever served as Foreperson? YES ☐  NO ☐

**Do You OR any CLOSE Family/Friends Own or Regularly Use A Firearm?** YES ☐  NO ☐

If yes, describe: _____

**Are You OR any CLOSE Family/Friends associated with any organization that advocates for or opposes laws concerning firearms?** YES ☐   NO ☐

If yes, describe: _____

**Have You Ever Been Convicted of a Felony?** YES ☐   NO ☐

If yes, provide basic details: _____

**Have You Ever Been Arrested, Accused, or Convicted of a Crime?** YES ☐   NO ☐

If yes, provide basic details: _____

**Has A CLOSE Family Member/Friend Ever Been Arrested, Accused, or Convicted of a Crime?** YES ☐   NO ☐

If yes, describe: _____

**Have You or a A CLOSE Family Member/Friend Ever Been the Victim of a Crime?** YES ☐   NO ☐

If yes, describe: _____

**Have You Ever Testified in any Court Proceeding?** YES ☐   NO ☐

If yes, describe: _____

**Circle If You Have STRONG opinions on any of the following institutions/topics:**
Bureau of Alcohol, Tobacco & Firearms (ATF)            Firearms


**Circle if You Know or Are Familiar With Any of the Following Persons:**

Anyone who works for the Bureau of Alcohol, Tobacco & Firearms (ATF)

Anyone who works for the United States Attorney's Office for the Northern District of California

[NAMES TO BE INCLUDED IN ALPHA ORDER, INCLUDING LAWYERS.]


**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.**

**SIGNATURE: _____        DATE: _____**