UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**MAN YOUNG KIM,**<br>Defendant. | CASE NO. 17-cr-00355-YGR-1<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE; RECOMMENDING TRANSFER**<br><br>Re: Dkt. No. 93 |

On October 1, 2019, the Court sentenced defendant Man Young Kim to one year and one day in custody for violation of 18 U.S.C. § 371 (Conspiracy to Defraud the United States). Defendant self-surrendered to Lompoc FCI to begin serving his sentence on March 7, 2020. On April 21, 2020, defendant filed a motion for a modification of sentence, requesting that he be allowed to serve the remainder of his sentence in home confinement in light of the COVID-19 public health crisis. The government opposes the motion.

Defendant's motion is **DENIED**. As a threshold matter, the Court lacks authority to order the relief requested. Under 18 U.S.C. § 3621(b), the Bureau of Prisons "shall designated the place of the prisoner's imprisonment." Nonetheless, the BOP is to consider "any statement by the court that imposed the sentence" when making a determination about a prisoner's place of imprisonment. *Id*. **Accordingly, the Court recommends that Kim be transferred to home confinement until the COVID-19 public health crisis has abated, especially given the outbreak at Lompoc itself.**

At the time of sentencing last fall, the Court varied downward in part because the defendant was a 65-year-old man (now 66 years old) with no prior criminal history and a low risk of recidivism. The instant offense ended several years ago with the tax year of 2011. Mr. Kim was repentant and appeared to have remained in compliance on unsupervised pretrial release and thereafter. The Court staggered the sentences of he and his wife so that both were not incarcerated

at the same time. In addition, Mr. Kim had conditions which Mr. Kim indicated he currently suffers from: diabetes, high blood pressure, high cholesterol, and Diffuse Idiopathic Skeletal Hyperostosis (DISH), a condition which causes numbness in his hands. At a minimum, the Center for Disease Control notes that both his age and the diabetes might be higher risk for severe illness from COVID-19.

The Court also notes that defendant does not identify the statute pursuant to which he seeks relief, but insofar as his motion may be construed as a request for compassionate release under 18 U.S.C. § 3582(c), it is denied for failure to exhaust. A defendant may bring a section 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant has not shown that he filed any such request with the warden. Moreover, the Court cannot waive the exhaustion requirement or deem it futile under the circumstances. *See United States v. Reid*, No. 3:17-cr-00175-CRB, Dkt. No. 547 (N.D. Cal. Apr. 18, 2020) (on motion for compassionate release, holding that "[t]he Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion").

Counsel for the government is ordered to serve this Order on the Warden of Lompoc forthwith.

This Order terminates Docket Number 93.

**IT IS SO ORDERED.**

Dated: May 1, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2